United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ALFREDO VILLASENOR,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06628-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION, DISMISS PLAINTIFF'S CLAIMS, OR IN THE ALTERNATIVE STAY THE ACTION; WITHOUT PREJUDICE**<br><br>[Re: ECF 13] |

Before the Court is Defendants' Motion to Compel Arbitration, Dismiss Plaintiff's Claims, or in the Alternative, Stay Judicial Proceedings ("Motion"). Motion, ECF 13. The Court heard oral argument on the Motion on June 20, 2019 ("the Hearing"). For the reasons below and as stated on the record at the Hearing, Defendants' Motion is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

For 42 years, Plaintiff Alfredo Villasenor was the Executive Director of Defendant Community Child Care Council of Santa Clara County, Inc. ("the 4Cs"). Compl. ¶¶ 1–2, 12, ECF 1. The 4Cs has two employee benefit plans at issue in this case: (1) the 4Cs Employee Profit Sharing Plan (the "Qualified Retirement Plan"); and (2) the 4Cs Non-Qualified Pension Plan (the "Supplemental Plan") (collectively, the "4Cs Plans"). *See id.* ¶¶ 3–4. Plaintiff alleges that the 4Cs is the "administrator" and "plan sponsor" of the 4Cs Plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), and that the 4Cs is authorized and has the duty to administer the 4Cs Plans for the benefit of the participants and beneficiaries of the plans. *See* Compl. ¶¶ 5–6. Plaintiff alleges that as an employee of the 4Cs he was eligible for and a participant in the 4Cs Plans. *Id.* ¶ 13.

Plaintiff retired from the 4Cs on or about August 4, 2017. Compl. ¶ 15. However, on August 7, 2017, Plaintiff and the 4Cs entered into a written consulting agreement ("Consulting Agreement"), and Plaintiff began working for the 4Cs as a consultant. *See id.* ¶¶ 20–21; *see also* Consulting Agreement, Ex. 1 to Compl., ECF 1-1. On October 24, 2017, Plaintiff requested processing of his claims for retirement benefits under the 4Cs Plans. *See* Compl. ¶ 23. On March 27, 2018, Plaintiff submitted an invoice in the amount of $73,342.50 for his purported work as a consultant for the 4Cs. *Id.* ¶ 30.

Plaintiff alleges that the 4Cs and 4Cs Plans have failed to pay retirement benefits to which he is entitled, and that the 4Cs has failed to pay the invoice submitted for his work as a consultant. *See* Compl. ¶¶ 31, 37. On October 31, 2018, Plaintiff filed this action against the 4Cs and the 4Cs Plans (collectively, "Defendants"), asserting three causes of action:

(1) Recovery of Plan Benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B) (against all Defendants);

(2) Breach of Contract (the Consulting Agreement) (against the 4Cs); and

(3) Wage Statute Violations (pertaining to the Consulting Agreement) under Cal. Labor Code §§ 203 & 218.5 (against the 4Cs).

*See generally* Compl.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements affecting interstate commerce. 9 U.S.C. §§ 1 *et seq.* When it applies, the FAA preempts state laws that conflict with its provisions or obstruct its objective to enforce valid arbitration agreements. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 341–43 (2011). Although section four of the FAA provides for the filing of a motion to compel arbitration, courts have held that a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction "is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision." *GT Sec., Inc. v. Klastech GmbH*, Case No. 13-cv-3090-JCS, 2014 WL 2928013, at *17 (N.D. Cal. June 27, 2014).

The FAA reflects a strong policy in favor of arbitration. *Concepcion*, 563 U.S. at 339; *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street*, 35 Cal. 3d 312, 322

(1983). Under the FAA, contractual arbitration agreements must be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." *Newton v. Am. Debt Servs., Inc.*, 549 Fed. App'x. 692, 693 (9th Cir. 2013) (quoting 9 U.S.C. § 2). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Concepcion*, 563 U.S. at 339 (internal citations omitted); *Weeks v. Crow*, 113 Cal. App. 3d 350, 353 (1980) ("The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made." (citation omitted)). "[W]here a contract contains an arbitration clause," moreover, "courts apply a presumption in favor of arbitrability . . . and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts v. Atl.-Pac. Capital, Inc.*, 497 Fed. App'x. 740, 742 (9th Cir. 2012).

## III. DISCUSSION

Defendants' Motion requests the Court to compel Counts II and III to arbitration pursuant to the terms of the parties' Consulting Agreement. *See* Motion at 3, ECF 13. Counts II and III each concern alleged failure to pay compensation owed under the Consulting Agreement. *See* Compl. ¶¶ 42–52. In relevant part, the Consulting Agreement provides:

> Terms of Agreement. . . . . This Agreement will be governed by the laws and policies of the 4C Council. Any dispute arising under this Agreement **that the parties cannot resolve by good faith discussion and negotiation** shall be decided by binding arbitration and conducted according to the rules and guidelines of the 4C Council policy.

Consulting Agreement at 3–4 (emphasis added), ECF 1-1.

Thus, as Plaintiff points out in his opposition brief, *see* Opp'n at 7–8, ECF 27, "good faith discussion and negotiation" to resolve a given dispute arising under the Consulting Agreement is a predicate to arbitration, *see* Consulting Agreement at 4. Plaintiff submits (his own) testimony that he made repeated requests to the 4Cs to resolve the issues concerning his unpaid consulting fees, prior to filing this lawsuit. *See* Villasenor Decl. ¶ 18, ECF 28. Plaintiff states that "[a]ll of my requests were ignored" and that "[t]he 4Cs refused to engage in any good faith discussions or negotiations with me despite my repeated attempts to do so." *See id.* Defendants do not address this issue in their Motion or reply brief. *See generally* Motion; Reply, ECF 29. Indeed, at the

3

Hearing, Defendants acknowledged that such "good faith discussion and negotiation" has not occurred. Therefore, it is undisputed that a necessary predicate to possible arbitration between the parties has yet to take place. In other words, Plaintiff has shown that the purported agreement to arbitrate is not yet implicated.

Accordingly, Defendants' Motion is hereby DENIED WITHOUT PREJUDICE. The Court need not and does not reach the remaining issues raised in Defendants' Motion. Defendants may renew the motion to compel arbitration should the "good faith discussion and negotiation" predicate be met at a later point in time.

## IV. ORDER

For the foregoing reasons, Defendants' motion to compel arbitration is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: June 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge