UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALFREDO VILLASENOR,<br><br>    Plaintiff,<br><br>v.<br><br>COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-06628-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF-INTERVENORS' MOTION TO INTERVENE**<br><br>[Re: ECF 31] |

Before the Court is Mario Del Castillo, Michael Rasche, Puthea Chea, and Javier Cardozo's (collectively, "Plaintiff-Intervenors") motion to intervene under Federal Rule of Civil Procedure 24 in this Employee Retirement Income Security Act of 1974 ("ERISA") and contract action "to protect and defend their benefits in two employee retirement plans established by Defendant Community Child Cate Council of Santa Clara County, Inc. ('4Cs')." Mot. at 4, ECF 31. Plaintiff-Intervenors argue that if Plaintiff Villasenor wins this action and receives benefits under one of the two plans, Plaintiff-Intervenors will not be able to recover in their separate lawsuit, *Del Castillo v. Community Child Care Council of Santa Clara County, Inc.*, Case No. 5:17-cv-07243-BLF (N.D. Cal.). *Id.*

For the reasons discussed on the record at the hearing on August 1, 2019, and as set forth below, Plaintiff-Intervenors' motion is DENIED WITHOUT PREJUDICE to their refiling the motion "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. Proc. 24(c).

**I. BACKGROUND**

For 42 years, Plaintiff Alfredo Villasenor was the Executive Director of Defendant

Community Child Care Council of Santa Clara County, Inc. ("4Cs"). Compl. ¶¶ 1–2, 12, ECF 1. The 4Cs has two employee retirement benefit plans at issue in this case: (1) the 4Cs Employee Profit Sharing Plan (the "Qualified Retirement Plan"); and (2) the 4Cs Non-Qualified Pension Plan (the "Supplemental Plan") (collectively, the "4Cs Plans"). *See id.* ¶¶ 3–4. Plaintiff alleges that the 4Cs is the "administrator" and "plan sponsor" of the 4Cs Plans as defined by ERISA, and that the 4Cs is authorized and has the duty to administer the 4Cs Plans for the benefit of the participants and beneficiaries of the plans. *See id.* ¶¶ 5–6. Plaintiff alleges that as an employee of the 4Cs he was eligible for and a participant in the 4Cs Plans. *Id.* ¶ 13.

Plaintiff retired from the 4Cs on or about August 4, 2017. *Id.* ¶ 15. On October 24, 2017, Plaintiff requested processing of his claims for retirement benefits under the 4Cs Plans. *See id.* ¶ 23. In response, he was told that 4Cs had stopped processing retirement benefit claims. *See id.* ¶ 26. Plaintiff continued to request his benefits under the Plans, but he never received them. *See id.* ¶¶ 26–29, 31. He also alleges that 4Cs never paid him for consulting work he performed for it. *See id.* ¶¶ 20–22, 30.

On October 31, 2018, Plaintiff filed this action against the 4Cs and the 4Cs Plans[1] (collectively, "Defendants"), asserting three causes of action: (1) Recovery of Plan Benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B) (against all Defendants); (2) Breach of Contract (his consulting agreement) (against the 4Cs); and (3) Wage Statute Violations (pertaining to his consulting agreement) under Cal. Labor Code §§ 203 & 218.5 (against the 4Cs). *See generally* Compl. Under his ERISA cause of action, he alleges that Defendants failed to pay him benefits to which he is entitled under the Plans. *See, e.g.*, *id.* ¶¶ 33, 37–40. He seeks to "recover benefits, enforce rights, and/or clarify rights to benefits under ERISA under Section 1132(a)(1)(B).

Plaintiff-Intervenors filed a separate lawsuit against 4Cs on December 21, 2017, which is currently pending. *See* Case No. 5:176-cv-07243-BLF (the "*Del Castillo* Action"). Plaintiff-

---

[1] Defendant 4Cs Plans are Community Child Care Council of Santa Clara County, Inc. Employee Profit Sharing Plan, and Community Child Care Council of Santa Clara County Non-Qualified Pension Plan.

2

Intervenors are current and former employees of 4Cs. The *Del Castillo* action also involves the 4Cs Plans, though they do not sue the 4Cs Plans themselves. The thrust of their allegations is that 4Cs, its Board, and various individuals (including Villasenor, who is a defendant in that case) violated ERISA by failing to properly administer the Plans, failing to provide Intervenor-Plaintiffs with plan documents, and failing to maintain plan records, leading to an unlawful suspension of benefits. *See generally* Third Am. Compl. ("*Del Castillo* TAC"), ECF 229, Case No. 5:17-cv-07243-BLF (N.D. Cal. July 22, 2019). Through that action, they "seek to recover benefits due under the terms of [the Plans], and to clarify their rights to future benefits under the terms of those plans," as well as to enjoin further unlawful actions and "obtain damages and appropriate equitable relief for breaches of fiduciary duty." *Id.* at 5. They bring 10 claims under ERISA, including four causes of action for breach of fiduciary duties; five claims relating to the defendants' alleged failure to establish a written instrument for the plan, failure to create and distribute summary plan descriptions, failure to create and distribute an annual report, failure to provide benefit statements, and failure to maintain records; and a single claim to clarify future benefits under the Plans under 29 U.S.C. § 1132(a)(1)(B), by which they seek to reform the 4Cs Plans to comply with ERISA and receive assets from the Plans. *See generally Del Castillo* TAC.

## II. LEGAL STANDARD

Under Rule 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Rule 24(b), a court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Under Rule 24(a) for intervention as a matter of right, the Ninth Circuit instructs courts to apply a four-part test: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a

3

practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001) (citing *Northwest Forest Resource Council* ("*NFRC*") *v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996)).

In general, Rule 24(a) is construed liberally in favor of potential intervenors. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818. In addition to mandating broad construction, the Court's review is "guided primarily by practical considerations," not technical distinctions. *Id.* (citing *United States v. Stringfellow,* 783 F.2d 821, 826 (9th Cir. 1986), *vacated on other grounds sub nom. Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987)).

Under Rule 24(b) for permissive intervention, the court may grant intervention if three conditions are met: "(1) the movant must show an independent ground for jurisdiction; (2) the motion must be timely; and (3) the movant's claim or defense and the main action must have a question of law or fact in common." *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989).

The existence of a common question of law or fact "does not automatically entitle an applicant to intervene." *Id.* at 530. Rather, Rule 24(b) "vests discretion in the district court to determine the fairest and most efficient method of handling the case." *Id.* (citing *SEC v. Everest Mgmt. Corp.*, 475 F.32d 1236, 1240 (2d Cir. 1972)). This means that the court must determine whether intervention will "unduly prejudice the adjudication of the rights of the original parties" to the underlying suit. Fed. R. Civ. P. 24(b). The proposed intervenor bears the burden to show that all conditions for intervention are satisfied. *See, e.g.*, *Citizens for a Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (noting, however, that the "review is guided primarily by practical considerations, not technical distinctions").

### III. DISCUSSION

Plaintiff-Intervenors seek to intervene in this case both as a matter of right and permissively. Plaintiff Villasenor opposes, arguing that neither type of intervention is warranted here. Opp., ECF 33. Defendants do not oppose. ECF 32.

As an initial matter, the Court finds the motion timely. At the time Plaintiff-Intervenors filed their motion, the pleadings were not yet set, no case management conference had been held,

4

no case schedule was in place, and a motion to compel arbitration was pending. *See* Reply at 3; ECF 38. Plaintiff-Intervenors represent that they did not know about this lawsuit until January 9, 2019, when 4Cs filed a motion to relate to the *Del Castillo* case. Reply at 3. From there, they waited only three months to file their motion, delaying only to see whether the cases would be related. The Court does not find this slight delay to warrant finding the motion untimely, given that this case is in its relative infancy. Because the Court denies the motion without prejudice, and gives Plaintiff-Intervenors 45 days to refile, the Court will consider any motion filed within 45 days to likewise be timely.

However, the Court agrees with Plaintiff Villasenor that Plaintiff-Intervenors have not otherwise demonstrated that intervention is warranted here. Plaintiff-Intervenors did not submit a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. Proc. 24(c); *see* Mot. at 5. Though such a pleading is not required where "the movant describes [in its motion] the basis for intervention with sufficient specificity to allow the district court to rule," the Court does not find this requirement satisfied here. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). The Court requires Plaintiff-Intervenors to submit a pleading from which the Court can discern whether they have satisfied the requirements for intervention.

Specifically, the motion fails to demonstrate (1) that Plaintiff-Intervenors have a "significantly protectable" interest relating to the property or transaction at issue in this action; (2) that disposition in this case will impair their ability to protect any such interest; or (3) that they have a claim or defense that has a common question of law or fact with Villasenor's action.

First, as to the property interest, Plaintiff-Intervenors argue that disposition in favor of Villasenor will bankrupt 4Cs and leave Plaintiff-Intervenors without recovery in the *Del Castillo* action. *See* Mot. at 6 ("Villasenor seeks to obtain a $2 million benefit from the Supplemental Plan, which would render the Plan insolvent, leaving nothing for Plaintiff-Intervenors when they retire."); *accord* Mot. at 4. Put another way, Plaintiff-Intervenors believe that if Villasenor wins in this lawsuit, they will not be able to recover from 4Cs in the *Del Castillo* lawsuit. As the Court mentioned at the hearing, this argument shows only that they fear Villasenor will receive a judgment first, not that they have an interest in the property or transaction at issue in this action.

5

That is, it is not clear that Plaintiff-Intervenors have a right to the exact funds Villasenor seeks here; instead, they argue that they have a right to some amount of money from 4Cs that they will not be able to collect if Villasenor receives judgment first. They have not articulated why they have an interest in Villasenor's retirement benefits, especially in light of the fact that they have not alleged they are qualified to receive benefits under the Supplemental Plan and they do not sue the Plans themselves in *Del Castillo*. *See* Opp. at 4–5. Though they argue that both they and Villasenor seek to clarify rights under the Plans, *see* Mot. at 6, 12; Reply at 3–4, without more detail, this alone does not demonstrate that they have a legally protected interest in this transaction.

Second, and for similar reasons, they have not demonstrated that disposition in this case will impair or impede their rights, given that they have asserted their rights under different claims in *Del Castillo*. Plaintiff-Intervenors assert fiduciary duty and clarification of benefits claims in the *Del Castillo* action that are not clearly implicated by the outcome in this action. If they are able to bring all of these claims in *Del Castillo* and obtain full relief there, it is not clear why intervening in this lawsuit would be necessary. Contrary to Plaintiff-Intervenors' assertions, it is not clear that there are "overlapping legal questions between this lawsuit and the *Del Castillo* Action." Mot. at 13.

Third, Plaintiff-Intervenors have not shown that they have a claim or defense that has a common question of law or fact with Villasenor's action. Indeed, it is not clear from their motion exactly what "claim" they would bring against 4Cs in this case that they believe entitles them to recovery in this action. Is that claim different than the claims they bring in *Del Castillo*? If not, why do they need to bring it here as well? If so, why is Plaintiff Villasenor not capable of bringing it for them? The Court cannot tell.

Finally, the Court remains confused why Plaintiff-Intervenors are not more properly considered *defendant*-intervenors. Indeed, they seek to block Plaintiff Villasenor from recovery based on the argument that the Plans are unlawful. *See* Mot. at 12:14–28; Reply at 3:10–13. If they are adverse to Villasenor, should they be defendants? Perhaps not, but if not, why not? Their motion does not clearly answer that question.

6

A proper pleading setting out the theory of intervention will likely clarify all of these issues and allow the Court to properly determine whether and why Plaintiff-Intervenors must or may intervene here. Because the Court cannot decide the issue based on the motion alone, the motion must be denied.

## IV. ORDER

For these reasons, the motion to intervene is DENIED WITHOUT PREJUDICE. Plaintiff-Intervenors may file a new motion to intervene accompanied by a proper pleading within **45 days of the date of this Order**. The Court reserves the right to consolidate this action with the *Del Castillo* action at a later time.

**IT IS SO ORDERED.**

Dated: August 14, 2019

_____
BETH LABSON FREEMAN
United States District Judge